UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Plaintiff,

v.                                                 Case No. 4:14-CV-11521
                                                 HON. MARK A. GOLDSMITH

WARREN CHIROPRACTIC
& REHAB CLINIC P.C., et al.,

       Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (Dkt. 51)

### I. INTRODUCTION

In this insurance case, Plaintiff State Farm Mutual Automobile Insurance Company alleges that Defendants Warren Chiropractic & Rehab Clinic P.C., John Mufarreh, and Keith Gover (hereinafter, the "Warren Defendants") engaged in a concerted scheme to defraud Plaintiff with respect to automobile-accident patients. In particular, Plaintiff claims that the Warren Defendants utilized and submitted claims under a "predetermined protocol," whereby patients were tested, diagnosed, and treated without regard to individual medical need. Plaintiff further alleges that, as part of this predetermined protocol, patients would receive a false disability certificate, which Defendants Priority Patient Transport LLC, George Mufarreh, and Sharon Smith (hereinafter, the "Priority Defendants") would use to seek payment from Plaintiff for transportation — often to Warren — even though the Priority Defendants were not equipped to transport disabled patients.

1

Before the Court is Plaintiff's motion to compel complete responses to Plaintiff's first set of interrogatories and document requests (Dkt. 51). The motion concerns three categories of discovery requests: (i) billing documents and underlying records relating to claims that Warren submitted to Plaintiff and other insurers; (ii) communications between and among Defendants and other identified individuals; and (iii) information regarding a trust that was purportedly held for the benefit of Defendant John Mufarreh's wife, and for which John Mufarreh acted as a co-trustee. Pl. Br. at 19. The Warren Defendants filed a response (Dkt. 58), in which the Priority Defendants joined (Dkt. 59).[1] Plaintiff filed a reply (Dkt. 63).[2]

For the reasons discussed below, the Court grants Plaintiff's motion as to the requests regarding: (i) claims submitted to State Farm; (ii) an electronic billing report; (iii) the subject communications; and (iv) the Trust. The Court denies the motion without prejudice to the extent it seeks documents for claims submitted to insurers other than State Farm.

## II. ANALYSIS

Plaintiff seeks the production of discovery relating to the three categories of information described above. However, Plaintiff raises a threshold argument that Defendants have waived any objection to these requests, because Defendants' responses were untimely, vague, unsigned, and unsupported. Pl. Br. at 10. The Court addresses this threshold inquiry first, and then proceeds to consider the merits of the motion as to each of the three categories of requests.

---

[1] With respect to the Priority Defendants, Plaintiff's motion only concerns category two: communications between and among Defendants and other identified individuals. See Pl. Br. at 9, 19. The Court, therefore, infers that the Priority Defendants only join in the Warren Defendants' response as to this request.

[2] The Court concludes that oral argument would not assist with resolution of the motion. See E.D. Mich. LR 7.1(f)(2).

**A. Waiver of Objections**

Plaintiff first claims that Defendants waived any objection to the requests. Pl. Br. at 10. Plaintiff argues that it served its discovery requests on November 20, 2014, but that Defendants did not respond until January 27, 2015 (Warren Defendants) and February 23, 2015 (Priority Defendants), respectively. Id. Plaintiff also notes that Defendants asserted boilerplate and inapplicable objections, and that the Warren Defendants' responses were unsigned. Id. Defendants respond that they timely submitted their responses to the discovery requests pursuant to an agreement entered into between Plaintiff and the Defendants. Warren Defs. Resp. at 5.

The Warren Defendants attached to their response an e-mail exchange between their counsel and Plaintiff's counsel. On January 5, 2015, Plaintiff's counsel reminded the Warren Defendants' counsel to "remember by the end of the day today to send us an e-mail informing us when you can commit to responding to our outstanding discovery request." See E-mails (Dkt. 58-2). The Warren Defendants' counsel responded that his clients would "need 21 days to complete the discovery requests." Id. Plaintiff's counsel replied that Plaintiff would "agree to a 21 day extension . . . , but only on the condition that you represent that you will respond by that date and will not seek any further extension." Id. Plaintiff's counsel asked the Warren Defendants' counsel to "confirm by close of business Monday whether you agree to this condition." Id. No confirmation e-mails are contained in the record, but Defendants claim that they provided their objections to the discovery requests within this time extension.[3]

As to the Warren Defendants, the Court need not resolve the timeliness issue, as the Court notes that these Defendants' responses to the discovery requests that Plaintiff has provided are unsigned. See Dkts. 51-4, 51-5. Federal Rule of Civil Procedure 26(g)(1) requires that

---

[3] Notably, the Warren Defendants' responses included in the record are both unsigned and undated.

"every discovery . . . response . . . or objection . . . be signed by at least one attorney of record in the attorney's own name." The Rule also explains the importance behind the signature requirement: "By signing, an attorney . . . certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . [the response or objection] is . . . consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law." Fed. R. Civ. 26(g)(1). Similarly, Federal Rule of Civil Procedure 33(b)(5) — governing interrogatories — requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."

The Warren Defendants have not provided any evidence or argument that their responses and objections to Plaintiff's document requests and interrogatories were signed by either the responding party, counsel, or both when due. See Warren Defs. Resp. at 5 (responding solely to the claim of timeliness). Nor have the Warren Defendants claimed that signed responses have been provided to date. See E-mails (Dkt. 63-2) (suggesting that, as of June 12, 2015, at least some signed responses still had not been provided).

The Court is troubled by this questionable behavior. The record reflects that Plaintiff was still demanding signed copies of the Warren Defendants' discovery responses in May and June 2015. See Dkts. 51-9, 63-2. The Court finds that this behavior alone could constitute grounds for deeming objections waived or, alternatively, striking these objections. See Fed. R. Civ. P. 26(g); see also Fed. R. Civ. P. 37. Nevertheless, the Court need not affirmatively impose these sanctions because, as described below, the Court finds that the majority of Plaintiff's requests are subject to disclosure in any event. With regard to the information that is not yet subject to production — documents regarding non-State Farm patients — this information concerns non-

4

party individuals with privacy concerns, who should not be subjected to losing these protections as a sanction for Defendants' questionable conduct. Nevertheless, the Court warns the Warren Defendants that continued failure to participate in the discovery process in good faith may result in future sanctions, including, but not limited to, monetary relief, loss of the ability to introduce certain evidence at trial, and/or possible entry of a default judgment.[4]

With respect to the Priority Defendants, Plaintiff claims that these Defendants did not submit their discovery responses until February 2015. The responses provided by Plaintiff support this claim; they are signed, but dated February 18, 2015. See Dkt. 51-4 at 25, 30, 35 of 35 (cm/ecf pages); Dkt. 51-5 at 26, 32, 38 of 38 (cm/ecf pages). There is no evidence that these Defendants, who are represented by separate counsel than the Warren Defendants, sought and obtained an extension to file their responses this late.

However, Plaintiff's motion to compel only concerns Document Request "No. 11" with respect to the Priority Defendants. Pl. Br. at 19.[5] Accordingly, the Court deems any objection to this request waived as untimely. See Jarrett-Cooper v. United Air Lines, Inc., No. 11-13674,

---

[4] In reviewing the Warren Defendants' responses to some of Plaintiff's requests, the Court notes that some of Defendants' responses raise questions about whether they truly put forth a good faith effort in responding. For example, in response to an interrogatory asking Warren and John Mufarreh to identify "every lawsuit . . . in which You were involved," Defendants responded "None." See Dkt. 51-4 at 5, 11 of 35 (cm/ecf pages). Yet, the record reflects that these Defendants also were defendants in a state court action brought by Allstate Insurance Co., which ended approximately two years ago. See Dkt. 51-14. Public records also suggest that there were other cases in which Warren was involved. See, e.g., Warren Chiropractic & Rehab Clinic P.C. v. Home-Owners Ins. Co., No. 303919, 2012 WL 5856946, at *1 (Mich. Ct. App. Nov. 8, 2012).

[5] Plaintiff refers to Document Request "No. 11" for "Priority, G. Mufarreh and Smith" as requesting "documents . . . related to . . . communications." But Request Number 11 only refers to communications between the Defendants and Priority Associates for Defendant Priority Patient Transport LLC. See Dkt. 51-5 at 24 of 38 (cm/ecf page). For Defendants George Mufarreh and Sharon Smith, Document Request Number 11 refers to marketing materials. See id. at 30, 36 of 38 (cm/ecf pages). For these two Defendants, it is Document Request Number 7 that requests communications between the Defendants and Priority Associates. Id. at 30, 35 of 38 (cm/ecf pages). The Court finds it troubling that Plaintiff faults Defendants for providing overly broad objections, but lacks carefulness and specificity in its own motion to compel.

2013 WL 141662, at *5-6 (E.D. Mich. Jan. 11, 2013). Nevertheless, it appears that these Defendants have already responded to this request by stating that there are "[n]o documents in [their] possession or control." See Dkt. 51-5 at 24, 30, 36 of 38 (cm/ecf pages). To the extent any such information does exist, the Priority Defendants appear to have agreed to respond accordingly. See Warren Defs. Resp. at 4 n.1 (agreeing to produce this category of documents); Priority Defs. Resp. at 1 (joining in the Warren Defendants' response, without qualification).

### B. Documents Relating to Submitted Claims

Plaintiff first requests that Warren provide all documents related to patients who were injured in automobile accidents and for whom Defendants sought reimbursement from State Farm or any other insurer. Pl. Br. at 11. Plaintiff claims these documents are relevant to establishing the "patterns in treatment modalities purportedly rendered, all information regarding the patient's transportation, [and] improbable patterns in the underlying documentation that supports those bills." Id. at 11. Plaintiff asserts that documents responsive to these requests include, for example, "bills, routing slips, patient records and notes, transportation logs, and any patient files." Id.

Regarding patients for whom Warren sought payment from State Farm, the Warren Defendants state that they would be agreeable to making these documents available for inspection, so long as Plaintiff provides a list of applicable patient names. Warren Defs. Resp. at 5-6. Otherwise, the Warren Defendants claim that Plaintiff already has this information in its possession from Defendants' prior submission of these claims, and that production would be "incredibly burdensome, costly for the Defendants, and take several motions to accomplish." Id.

As to patients for whom Defendants sought payment from other insurance companies, the Warren Defendants object based on Michigan law prohibiting the disclosure of a patient's

6

protected health information without his or her consent. Id. at 6-7. Defendants also claim that this request is overly broad and burdensome, because "[i]f State Farm cannot prove their [sic] case with the nearly 200 State Farm claims at issue . . ., then State Farm had no business filing this lawsuit." Id. at 7-8.

The Court agrees that the production of documents relating to patients for whom Defendants sought payment from State Farm is appropriate. These documents are clearly relevant to Plaintiff's claims of a "predetermined protocol" and the submission of fraudulent claims by Defendants to State Farm. Accordingly, the Court grants Plaintiff's motion to compel with respect to these documents.

The Court is not persuaded by Defendants' argument that this production would be "incredibly burdensome, costly . . . , and take several months to accomplish." Defendants offer no evidence — such as an affidavit — to support these claims, nor do Defendants provide any specificity regarding the approximate cost of production. Compare State Farm Mut. Ins. Co. v. Policherla, No. 08-13939, 2009 WL 2170183, at *4 (E.D. Mich. July 20, 2009) (noting that the defendants had claimed that they expended over 1,100 hours, at a cost of over $22,000, to produce 284 records, but still ordering the production of 250 additional records). To that end, Defendants also do not explain why it will take several months to determine for which patients Defendants submitted claims to State Farm. Such conclusory and unsupported allegations are insufficient to warrant precluding a clearly important and relevant request. See Fed. R. Civ. P. 26(b)(2)(C)(iii) (court must limit extent of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit").

The Court similarly rejects Defendants' argument that they should not have to respond to these requests because State Farm already has these documents in its possession from when

Defendants submitted their claims. Warren Defs. Br. at 5. As Plaintiff highlights, Defendants only submitted the documents they chose to include in support of their claims, which may not include items like sources of referrals, daily treatment notes, records from other providers, etc. Pl. Br. at 12. Plaintiff is entitled to review the entire records to try to establish the existence of the alleged predetermined protocol.

The Court also is not convinced that the burden should rest on Plaintiff to identify the patients at issue. Warren Defs. Br. at 6. Defendants have provided no authority for such a proposition. Of course, Plaintiff may choose to provide such a list to aid in obtaining a speedier and complete response to its request; indeed, the Court imagines that the charts Plaintiff has already provided should serve as a decent starting place. See List of Warren Claims, Ex. 1 to Compl. (Dkt. 1-2); see also Warren Patients List (Dkt. 51-3 (pages 9-13 of 53 (cm/ecf pages)). But the Court will not order Plaintiff to assist the Warren Defendants with responding to Plaintiff's discovery requests at this time.

Accordingly, the Warren Defendants shall produce the requested documents for claims submitted to State Farm **within 21 days of this Order**. The Court finds this timeframe appropriate, given that Defendants have known of this request since November 2014 and settlement discussions concluded in April 2015; Defendants could have been working on gathering the documents since this time. At the time of production, the Warren Defendants must also provide a signed response verifying the completeness of the search and steps taken to conduct it.

With respect to automobile-accident patients for whom Defendants sought payment from insurance companies other than State Farm, the Court denies Plaintiff's motion without prejudice. These records contain highly sensitive and protected medical information of non-

parties to this action. Even with redactions and a protective order in place, the Court concludes that the potential harm to these individuals who have not given consent, the risk of missing a redaction, the burden of redacting all of their files, the possible necessity of providing patient notifications, and the likelihood of delay in this litigation to undertake such an effort outweigh the benefit that these documents may provide at this time. See Fed. R. Civ. P. 26(b)(2)(C)(iii).[6] While the Court acknowledges that these records could help establish the alleged "predetermined protocol," the parties agree that there are nearly 200 patients for whom Defendants sought payment from State Farm and for whom Plaintiff will be receiving complete records, in addition to the complete billing report described below. After receiving and reviewing these documents, Plaintiff may conclude that it has sufficient evidence to prove its allegations, without the need to involve non-party patients who are in no way related to this litigation other than because they were treated by Defendants. Moreover, the Court questions whether the provision of thousands of non-party files will help Plaintiff prove its case, if the records for the approximately 200 State Farm patients fail to sufficiently reveal the alleged "predetermined protocol."

Nevertheless, the Court recognizes that Plaintiff may continue to believe that the records of non-State Farm patients remain relevant and important, even after reviewing the documents the Warren Defendants will provide regarding State Farm patients. Accordingly, the Court denies the motion without prejudice to Plaintiff re-raising this argument at a later time.[7]

---

[6] The Court notes that the protective order in place for this action states, with respect to HIPAA, that "this Order extends to all HIPAA-protected content and will operate in place of authorizations by those individuals whose files are the basis of the action at bar." Protective Order at 14 (Dkt. 42). Patients for whom Defendants did not file claims with State Farm are not "the basis of the action at bar."

[7] The Court need not and does not decide the applicability of Michigan law regarding patient protection and consent at this time.

Although the Court denies Plaintiff's request for the records of patients who were not insured by State Farm, the Court agrees that at least some of the non-identifying information regarding these patients may be helpful at this time. In its reply in support of its motion, Plaintiff clarified that it also was seeking "an electronic billing report" that showed the procedures for which Defendants billed insurance companies over the relevant time period. Pl. Reply at 6; see also Pl. Br. at 12 n.2 (stating that Plaintiff offered to compromise by accepting this report). The Court agrees that this billing report regarding procedures purportedly performed on insured patients may be relevant to helping Plaintiff establish the existence of the alleged predetermined protocol, particularly given that the underlying records are not yet subject to disclosure. Accordingly, the Court orders that a billing report reflecting (i) a unique patient number, (ii) date(s) of service, and (iii) CPT codes billed, be provided to Plaintiff **within 14 days of this Order**. See Policherla, 2009 WL 2170183, at *5. This report need only encompass automobile-accident patients for whom a claim was submitted by the Warren Defendants to an insurance company; it need not include billing for other patients. Any further potentially identifying information must be redacted from the report, given the privacy interests discussed above.

**C. Communications Between and Among Defendants and Others**

Plaintiff next requests that Defendants provide communications between and among the Defendants and other specified individuals and entities. Pl. Br. at 14-15. In response, Defendants state that they "will voluntarily provide said communications in their possession to State Farm and/or verification of search for it within 7 days." Warren Defs. Resp. at 4 n.1. Cf. Priority Defs. Resp. at 1 (joining in the Warren Defendants' response, without qualification).

10

Accordingly, the Court grants Plaintiff's motion as to these discovery requests, and orders Defendants to respond within **seven days**, including a signed certification regarding the steps taken to preserve and collect all responsive e-mails and documents.[8]

### D. Trust Documents

Finally, Plaintiff seeks documents and information relating to a Trust for which Plaintiff claims Defendant John Mufarreh was a co-trustee and of which his wife is the beneficiary. Pl. Br. at 16-19. Plaintiff claims that the Trust (i) transferred at least $135,000 to Warren during 2013 and 2014; (ii) was funded by an account held by Dr. Johnny Mufarreh Chiropractic, P.C., which may be a billing entity owned by Dr. John Mufarreh; and (iii) appears to have been used to facilitate a fraudulent transfer shortly before the settlement of similar claims in another lawsuit. Id. at 16-17. Plaintiff argues that information regarding the Trust is responsive to at least two discovery requests: (i) Document Request No. 23 ("All documents regarding any investments or ownership interests You possess") and (ii) Interrogatory No. 12 ("Identify any business, investment vehicle, corporate entity, trust, or other legal entity in which You have had an ownership interest from 2006 to present"). Id. at 17.

The Warren Defendants respond that information about the Trust is not relevant to the litigation, particularly given that there is no judgment at this time. Warren Defs. Resp. at 8. Defendants cite to a case from this District, which found that requests for the personal financial records of a party were overly broad. Id. (citing MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co., No. 11-14777, 2013 WL 1898374, at *6-7 (E.D. Mich. May 7, 2013)).

---

[8] In its reply in support of its motion, Plaintiff raises a suggestion that there may have been spoliation of evidence by the Warren Defendants. Pl. Reply at 1-2. Because this issue is not properly before the Court at this time, the Court declines to affirmatively rule on it. However, to the extent any party has intentionally caused or causes spoliation— including the deletion of relevant e-mails, text messages, communications, etc. — the Court will entertain a motion for sanctions.

11

The Court finds that discovery regarding the Trust is permissible. Plaintiff claims — without response from Defendants — that money flowed between the Trust, Warren, and other companies that Defendant John Mufarreh purportedly owned. Pl. Br. at 16. Therefore, documents regarding the Trust, over which John Mufarreh was a co-trustee, may be relevant to establishing the financial relationships among Warren, John Mufarreh, and other individuals and/or businesses that John Mufarreh owned or maintained and that may have been a part of the alleged scheme. MedCity Rehab. Servs., LLC, 2013 WL 1898374, at *6-7 (in similar case by insurance company claiming RICO violations for alleged fraudulent billing practices by medical providers, permitting discovery regarding corporate bank accounts); see also State Farm Mut. Auto Ins. Co. v. Physiomatrix, Inc., No. 12-11500, 2013 WL 10572229, at *3 (E.D. Mich. Aug. 13, 2013) (in similar case by insurance company claiming RICO violations for alleged fraudulent billing practices by medical providers, requiring disclosure of bank records, including accounts held jointly with non-party wives, because "the various corporate [d]efendants are closely held by the individual [d]efendants, which easily permits the free flow of money between corporate and personal accounts"). The Trust documents also may help reveal the scope of the alleged scheme and who benefitted from it. See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 375 F. Supp. 2d 141, 155-156 (E.D.N.Y. 2005) (requiring disclosure of financial records, because "they may be relevant to establishing that defendants profited from their willingness to order [the subject] tests").

Further, the timing of some of the alleged actions regarding the Trust raises valid questions about the use of the Trust with respect to John Mufarreh's conduct. See Physiomatrix, Inc., 2013 WL 10572229, at *4, n.4 (quashing subpoena requesting documents regarding defendant's parents' account, because the plaintiff had presented "no evidence showing that [the

12

defendant] used this account as a foil for proceeds of the alleged scheme"; but allowing plaintiff to renew the request in the event it found "evidence that [the account was] being used for illicit purposes"). For example, Plaintiff claims that John Mufarreh and his wife issued a quitclaim deed for a property they owned to the Trust approximately one month before settling a similar lawsuit involving another insurance company. Plaintiff also alleges that John Mufarreh was removed as co-Trustee of the Trust in July 2014, less than three months after State Farm filed this lawsuit. In addition, Plaintiff asserts that money from the Trust that was being held for the benefit of John Mufarreh's wife was transferred to Warren during the course of the alleged scheme. See Pl. Br. at 16. This conduct certainly could suggest — although not necessarily establish — that something nefarious was occurring with respect to the Trust and John Mufarreh's work with Warren.

Plaintiff has alleged that the Trust acted as more than just a personal account for John Mufarreh's wife. Rather, Plaintiff asserts facts — without substantive response by Defendants — that suggest the Trust may have played an important role in concealing the alleged fraudulent scheme and protecting Defendants from liability. Based on the undisputed allegations set forth by Plaintiff, the Court agrees that the Trust may be relevant to this action. Accordingly, the Court grants Plaintiff's motion to compel regarding information relating to the Trust. Defendants must provide such information **within 21 days of this Order**.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion to compel (Dkt. 51).

The Warren Defendants shall provide the responsive documents regarding patients for whom Defendants filed claims with State Farm **within 21 days of this Order**. See Request for

Production to Warren No. 1. Defendants also shall provide the electronic billing report described above **within 14 days of this Order**.

Defendants are not yet required to disclose the actual records of patients for whom Defendants did not seek reimbursement from State Farm. See Request for Production to Warren No. 2. However, Plaintiff may renew its request for these documents at a later time, as necessary.

Defendants shall provide Plaintiff documents that are responsive to Plaintiff's request for any communications between or among Defendants and other specified individuals and entities **within seven days of this Order**. See Requests for Production to Warren Defendants No. 9; Request for Production to Priority No. 11; Requests for Production to G. Mufarreh and S. Smith No. 7.

Defendant John Mufarreh shall provide documents responsive to Plaintiff's Request for Production No. 23, and, in particular, documents relating to the subject Trust. John Mufarreh also shall provide full and complete responses to Interrogatory No. 12, regarding "any . . . trust . . . in which [he had] an ownership interest from 2006 to present." These documents and interrogatory responses shall be provided to Plaintiff **within 21 days of this Order**.

The Court also orders the Warren Defendants to provide signed and dated copies of its responses to Plaintiff's requests for production of documents and interrogatories **within seven days of this Order**, to the extent such copies have not yet been provided.

Failure to comply with this decision may result in sanctions. See Fed. R. Civ. P. 37(b).

SO ORDERED.

Dated: July 7, 2015             s/Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2015.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager