**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Plaintiff,

v.

WARREN CHIROPRACTIC CLINIC & REHAB, P.C.,

Defendants.

Case No. 14-cv-11521
Hon. Mark A. Goldsmith

---

**MOTION OF NON-PARTIES E. WHITE & SON PROFESSIONAL SERVICES, LLC, EDWARD WHITE, AND SANDRA WHITE TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

NOW COME non-parties E. White & Son Professional Services, LLC, Edward White, and Sandra White, by and through counsel, pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3)(A), and for their Motion to Quash Subpoenas and for Protective Order state as follows:

1. On or about January 26, 2016, Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm") issued subpoenas to Citizens Bank requesting records related to non-parties in this case, E. White & Son Professional Services, LLC, ("E. White & Son) and Edward White ("Mr. White").

2. The subpoena and subpoena rider to Citizens Bank (Exhibit A) requested information as follows:

SUBPOENA RIDER
Citizens Bank, N.A.

Preliminary Instructions:

The documents that must be produced pursuant to this subpoena include all responsive documents prepared, sent, dated, received, used or in effect at any time during the period from January 1, 2006 through the present.

Document Requests:

1. Any and all documents or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, check images, deposit slips, withdrawal slips, records of wire transfers, signature cards, loans and/or loan applications, documents related to the opening and/or closing of any account, documents related to any reporting or filing with any governmental agency including any CTRs and any Form 1099s, but excluding any SARS, relating to the following accounts or any other accounts to which the individuals listed below had signatory authority, deposit or withdrawal privileges, or were otherwise for the benefit of Edward T. White or E. White & Son Professional Services, LLC, Redacted SSN: XXX-XX-. ., DOB:

2. To the extent not covered above, any and all check images, cancelled checks, deposit slips, or records of wire transfers to or from Edward T. White or E. White & Son Professional Services, LLC, Redacted SSN: XXX-X( ..., DOB: and the following individuals and entities:

- John M. Mufarreh
- Dr. Johnny Mufarreh Chiropractic, P.C.
- J&R Properties LLC
- Warren Chiropractic & Rehab Clinic, P.C.
- Applebaum & Stone
- Weiner & Associates
- The Lobb Law Firm

3. State Farm requested confidential financial information in its highly invasive subpoena for non-parties E. White & Son and Mr. White who are not parties to this case and do not participate in the day to day operations of the named Defendant in this case.

4. Mr. White has been deposed in this case, and his counsel at the deposition, on the record, represented to State Farm's counsel that he would make relevant financial documents Mr. White's possession and control available to State Farm for inspection in lieu of a subpoena. State Farm ignored this proposition and issued the attached subpoena seeking all of E. White &

Son's and Mr. White's financial documents and information from Citizens Bank.

5. Both E. White & Son and Mr. White, are willing to produce any documents in their possession and control that are relevant to the case and responsive to State Farm's discovery request. But their respective financial information, particularly Mr. White's personal financial information that is not related in any way to Defendant is not relevant to any of the issues in this case and is therefore not admissible or discoverable.

6. Citizens Bank apparently searched its records for documents associated with E. White & Son and Mr. White, and generated notices for the non-parties whose records Citizens Bank intends to produce pursuant to the subpoena. These letters are addressed to Mr. White and his wife, who is not a party to this case and was not even named in the subpoena, and whose personal financial information is not even arguably relevant to this issues in this case. (Letters from Citizens Bank, January 26, 2016, Exhibit B).

7. Citizens Bank intends to produce records for accounts held by Mr. White and his wife, neither of whom were named as parties in this case.

8. E. White & Son, and Mr. and Mrs. White have no connection to this case, and their private records should not be open to scrutiny by State Farm.

9. Counsel for non-parties E. White & Son and Mr. and Mrs. White filed this Motion to notify Citizens Bank that the non-parties have not authorized, nor has the Court ordered, production of the requested documents, and to seek this Court's protection from State Farm's abusive discovery tactics.

10. Fed. R. Civ. P. 26(b)(1) provides that the parties to a case may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

11. Under Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv), the Court shall, on timely motion, quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies," or if the subpoena "subjects a person to undue burden."

12. A party may move for a protective order pursuant to Fed. R. Civ. P. 26(c), which provides that the Court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

13. Where confidential documents such as tax returns are sought, a subpoena issued to a third party, rather than the defendant, is given careful scrutiny. *U.S. v. Gammo*, 428 F. Supp.2d 705, 708 (E.D. Mich. 2006).

14. Non-parties acknowledge that the scope of discovery is broad: "Unless otherwise limited by a court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

15. However, the reach of discovery is not without limit. Rule 26 provides, "the court must limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that… the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Similarly, Rule 45 provides that, on a timely motion, "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i-iv).

16. When determining whether a motion to quash should be granted, the Court must "weigh the likely relevance of the requested material to the investigation against the burden…of

producing the material." *E.E.O.C. v. Ford Motor Credit Co*., 26 F.3d 44, 47 (6th Cir. 1994). Courts have declined to enforce subpoenas that do not strike the proper balance. *Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp*., 2014 WL 10319321, at *3 (E.D. Mich. July 2, 2014). See *United States v. Gammo*, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006) (quoting *United States v. Theodore*, 479 F.2d 749, 754 (4th Cir.1973)) ("where it appears that the purpose of the summons is 'a rambling exploration' of a third party's files, it will not be enforced.")

17. The information State Farm requests from the banking and financial institutions about E. White & Son and Mr. White (and his wife), is privileged and confidential.

18. The information State Farm requests from the banking and financial institutions about E. White & Son and Mr. White (and his wife) is not relevant to any claim, counterclaim, or defense in this case.

19. If the subpoenas are not quashed, State Farm will have access to financial information related to entities and individuals that are not party to this case, are not named in the Complaint, and are not related to any of the claims or defenses in this case.

20. Mr. and Mrs. White are individuals, are not parties to this case, and State Farm does not have any valid reason for invading their privacy and accessing their personal financial information. Mrs. White is not even named in State Farm's subpoena.

21. The information State Farm requests regarding E. White & Son, Mr. White, and Mrs. White, is not reasonably calculated to lead to the discovery of admissible or relevant information but is merely meant to harass and intimidate these non-parties.

22. The sheer amount of information requested is overly broad. The subpoena demands the following information since 2006:

> Any and all documents or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, check image, deposit slips, withdrawal slips, records of wire transfers, signature cards, loans and/or loan applications, documents related to the opening and/or closing of any account, documents related to any reporting or

filing with any governmental agency including any CTRs and any Form 1099s, but excluding any SARS, relating to the following accounts or any other accounts to which the individual listed below had signatory authority, deposit or withdrawal privileges, or were otherwise for the benefit of Edward T. White or E. White & Son Professional Services, LLC.

23. Plaintiff has presented no need for this information that would permit its discovery or that would outweigh the privacy interests of the non-parties. Furthermore, Plaintiff has not presented any reasonable indication that these non-parties are, in any way, involved in the operation Defendant's business in any meaningful or relevant way, much less the alleged "conspiracy" or “scheme.”

24. Pursuant to the provisions of ED Mi LR 7.1(a), on February 10, 2016, the undersigned counsel sought via email the consent of counsel for the parties to the relief requested here. Counsel for Plaintiff has advised the undersigned that he does not consent.

25. Pursuant to the provisions of ED Mi LR 26.4(b), a proposed order stating that the information requested is privileged or otherwise protected and describing the type of information to be produced is attached as Exhibit C. (Proposed Order, Exhibit C).

WHEREFORE, for all the foregoing reasons, non-parties E. White & Son, Edward White, and Sandra White request this Honorable Court grant this Motion and enter an Order:

a. Quashing State Farm's subpoenas served on the banks/financial institutions listed in State Farm's Notice of Subpoenas (Exhibit A) to the extent they seek disclosure of confidential, privileged, and/or irrelevant information, including any record that relates to Edward White or his wife in their individual capacities;

b. Granting Non-Parties' Motion for Protective Order quashing State Farm's requests for production of privileged, protected, or irrelevant information; and

c. Such other and further relief as is consistent with equity and good conscience.

Respectfully submitted,

LAW OFFICES OF GARY R. BLUMBERG PC

/s/ Gary R. Blumberg
By: Gary R. Blumberg (P29820)
grblumberg@gmail.com
*Attorneys for Non-Parties E. White & Son and Edward White*
15011 Michigan Ave.
Dearborn, MI 48126
(313) 230-1121

/s/Peter W. Joelson
Joelson Rosenberg PLC
**Peter W. Joelson (P51468)**
*Attorneys for Non-Parties E. White & Son and Edward White*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966 fax: (248) 855-9496
pwj@jrlawplc.com

Dated: February 10, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Plaintiff,

v.

WARREN CHIROPRACTIC CLINIC & REHAB, P.C.,

Defendants.

Case No. 14-cv-11521
Hon. Mark A. Goldsmith

---

**BRIEF IN SUPPRT OF NON-PARTY E. WHITE & SON PROFESSIONAL SERVICES, LLC, AND EDWARD T. WHITE'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Non-parties E. White & Son Professional Services, LLC, and Edward White, and Sandra White move this Honorable Court to grant their Motion to Quash Subpoenas and for Protective Order, and rely upon the provisions of Fed. R. Civ. P. 26(c) and 45(c)(3)(A), and the reasoning set forth in the Motion above.

WHEREFORE, for all the foregoing reasons, non-parties E. White & Son Professional Services, LLC, and Edward White, and Sandra White request this Honorable Court grant this Motion and enter an Order:

a. Quashing State Farm's subpoenas served on the banks/financial institutions listed in State Farm's Notice of Subpoenas (Exhibit A) to the extent they seek disclosure of confidential, privileged, and/or irrelevant information, including any record that relates to Edward White or his wife in their individual capacities;

b. Granting Non-Parties' Motion for Protective Order quashing State Farm's requests for production of privileged, protected, or irrelevant information; and

c. Such other and further relief as is consistent with equity and good conscience.

Respectfully submitted,

LAW OFFICES OF GARY R. BLUMBERG PC

/s/ Gary R. Blumberg
By: Gary R. Blumberg (P29820)
grblumberg@gmail.com
*Attorneys for Non-Parties E. White & Son and Edward White*
15011 Michigan Ave.
Dearborn, MI 48126
(313) 230-1121

/s/Peter W. Joelson
Joelson Rosenberg PLC
**Peter W. Joelson (P51468)**
*Attorneys for Non-Parties E. White & Son and Edward White*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966 fax: (248) 855-9496
pwj@jrlawplc.com

Dated: February 10, 2016